IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**-FILED-**

MAY 14 2019

At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN JUAREZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| INDIANA GROCERY GROUP, LLC, a | ) |
| Delaware Limited Liability Company d/b/a | ) |
| STRACK & VAN TIL; | ) |
| SVT, LLC, an Indiana Limited Liability | ) |
| Company d/b/a STRACK & VAN TIL | ) |
| | ) |
| | ) |
| Defendants. | ) |

CASE NO:   2.19CV 182

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes Now the Plaintiff, JOHN JUAREZ, and for his Complaint against Defendant, INDIANA GROCERY GROUP, LLC, a Delaware Limited Liability Company d/b/a "STRACK & VAN TIL", and SVT, LLC, an Indiana Limited Liability Company d/b/a STRACK & VAN TIL, Plaintiff states as follows:

## PARTIES

- Plaintiff is a citizen of the United States and a resident of the State of Indiana and the Northern District of Indiana.

- Plaintiff is a Hispanic man.

- Defendants INDIANA GROCERY GROUP, LLC, a Delaware Limited Liability Company d/b/a "STRACK & VAN TIL" and SVT LLC, an Indiana Limited Liability Company d/b/a "STRACK & VAN TIL" (hereinafter "STRACK & VAN TIL"

1

or "Defendants") are the former employers of Plaintiff.   At all times relevant hereto, Defendants have continuously been and are now doing business in the State of Indiana, County of Lake and have employed more than fifteen (15) employees at the time of the conduct at issue.

- At all times relevant hereto, Defendant STRACK & VAN TIL has maintained a business headquarters at 2244 45th Street, Highland, Indiana, 46322.   Defendants and/or Defendants' predecessor and successors have continuously been and are now an employer engaged in industry affecting commerce.

## JURISDICTION AND VENUE

- Jurisdiction of this Court is provided by 28 U.S.C. §§ 451, 1331, 1343, and 1367 or is otherwise provided by applicable law.

- Plaintiff brings this case for relief pursuant to the Americans With Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, *et seq.*, as amended, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC § 2000e.

- Venue is appropriate and proper in the United States District Court for the Northern District of Indiana because Plaintiff's employment and most events which are the basis for Plaintiff's claims took place within the boundaries of this District.

- Defendants and/or Defendants' predecessor and successors have continuously been and are now an employer engaged in industry affecting commerce as defined by

2

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC § 2000e.

• On or about November 3, 2017, Plaintiff timely filed a Charge of Discrimination with the Indiana Civil Rights Commission and Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging discrimination. A true and accurate copy of charge number 24F-2018-00032/470-2018-00147 and its December 22, 2017 Amendment is attached hereto and incorporated herein as Exhibit "A".

• On or about February 21, 2019, Plaintiff received a February 13, 2019 "Notice of Suit Rights" for the charge filed. A true and accurate copy of said Notice is attached hereto and incorporated herein as Exhibit "B".

• Plaintiff is filing this complaint within 90 days of the receipt of the "Notice of Suit Rights".

## FACTS RELEVANT TO ALL COUNTS

• Plaintiff was hired by Defendant in [ADD MONTH HERE] ~~2004~~ December 1995 JJ and at all relevant times hereto was employed as a Driver for Defendants' Grocery Warehouse.

• On or about October 1, 2017, Plaintiff was terminated by Defendants.

• During the thirteen (13) years Plaintiff worked for Defendants, Plaintiff received only one (1) disciplinary action.

• At the time of his termination, Plaintiff had the fifth highest seniority of the Defendants' drivers.

• That during Plaintiff's employment, Plaintiff was a member of the International Brotherhood Of Teamsters, Local 142.

• The manner and method by which Defendants terminated Plaintiff denied

3

Plaintiff the terms and conditions of employment afforded to similarly situated employees and subjected Plaintiff to different terms and conditions afforded to Defendants' other employees.

## COUNT I: ADA DISCRIMINATION

- Plaintiff hereby re-alleges and incorporates rhetorical paragraphs 1-15 contained in Plaintiff's Complaint as if they were fully set forth in rhetorical paragraph 16.

- Defendants were aware that Plaintiff was disabled and/or Defendants perceived Plaintiff as being disabled.

- Because of Plaintiff's disability or perceived disability, he was treated to less favorable terms and conditions of employment than his non-disabled similarly situated co-workers.

- Plaintiff was treated to less favorable terms and conditions of employment than other employees not disabled and not perceived as disabled.

- Plaintiff suffered an adverse employment action, including his October 1, 2017 termination, as a result of Defendant's discriminatory intent based on Plaintiff's disability, and/or upon Defendant's perceiving Plaintiff as being disabled.

- In particular, the following occurred:

  - From January 2016 through March 2016, Plaintiff took FMLA leave due to this disability;

  - on or about October 1, 2017, Plaintiff's Supervisor Gary Standish

4

informed Plaintiff that he was terminated but did not provide a reason; and

- Defendants terminated Plaintiff's employment and allowed two (2) drivers, Bob Winski and Louis Acasta, with less seniority who were not disabled to continue their employment.

- Defendant's discriminatory treatment of Plaintiff violates the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended.

- Defendant's unlawful actions have caused Plaintiff emotional distress, inconvenience, lost wages and benefits, and other consequential damages, which he is entitled to recover.

## COUNT II: TITLE VII DISCRIMINATION ON THE BASIS OF PLAINTIFF'S RACE

- Plaintiff hereby re-alleges and incorporates rhetorical paragraphs 1-25 contained in Plaintiff's Complaint as if they were fully set forth in rhetorical paragraph 26.

- Plaintiff was qualified for the job he held with Defendants and performed all job functions to Defendants' legitimate employment expectations.

- Despite Plaintiff's qualifications and job performance, Defendants discriminated and retaliated against him because of his race.

- Defendants' discrimination and retaliation against Plaintiff and denial of his rights under Title VII, 42 U.S.C. § 2000e *et seq.*, as amended is intentional.

5

- Defendants discriminated against Plaintiff in the terms and conditions of his employment.

- Defendants showed reckless indifference to the intentional violations of Plaintiff's rights under Title VII.

- Similarly situated employees who were not Hispanic were not subjected to the same terms and conditions of employment as the Plaintiff.

- The reasons for the harassment and retaliation of Plaintiff given by Defendants are false and merely pretext for illegal discrimination.

- Other employees of Defendants could have opposed and stopped the discrimination of Plaintiff, but instead ratified and approved the discriminatory action taken by Defendants against Plaintiff.

- The actions taken by Defendants, as described above, are in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, as amended in that Defendants acted to discriminate against Plaintiff in the terms and conditions of his employment because of his race to deprive him of his rights, benefits, and protection under Title VII.

- Defendants showed a reckless indifference to Plaintiff's well-known rights under Title VII and the violation of those rights without any repercussion whatsoever to those who intentionally violated those rights.

- As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress and further has negatively impacted his future ability to support himself, harmed his earning capacity,

disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT III

- Plaintiff hereby re-alleges and incorporates rhetorical paragraphs 1-37 contained in Plaintiff's Complaint as if they were fully set forth in rhetorical paragraph 38.

- That Defendants intentionally and/or recklessly inflicted severe and prolonged emotional distress upon the Plaintiff.

- Defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was atrocious and was utterly intolerable in a work setting.

- That as a result of the outrageous and egregious actions of Defendants, Plaintiff has suffered and continues to suffer physical, emotional, personal, psychological, familial distress and the loss of future and past earning and employment benefits for which the Plaintiff should be compensated.

## COUNT IV

- The Plaintiff hereby re-alleges and incorporates rhetorical paragraphs 1-41 contained in Plaintiff's Complaint as if they were fully set forth in rhetorical paragraph 42.

- That Defendants' conduct was negligent in its actions toward Plaintiff and

breached its duty of care owed to Plaintiff.

- That as a result of the actions of Defendants, Plaintiff has suffered and continues to suffer physical, emotional, personal, psychological, familial distress and the loss of future and past earning and employment benefits for which the Plaintiff should be compensated.

-

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

- A declaratory judgment that the practices and actions complained of herein are unlawful under Title VII and the ADA;

- Judgment in favor of Plaintiff and against Defendant on his Title VII and ADE claims;

- Reinstatement or, alternatively, damages to compensate Plaintiff on his Title VII and ADA claims, including punitive damages;

- An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

- An award of all compensatory and statutory damages due to Plaintiff under Title VII and the ADA, to be paid by Defendant;

- Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

- Pre-Judgment and Post-Judgment interest, as provided by law; and

- The Plaintiff further prays for all other relief that this Court deems just and proper in the premises.

Respectfully submitted,

John Juarez
1433 W. 94th Place
Crown Point, IN. 46307-1902

Plaintiff demands trial by jury.

John Juarez

9

1433 W. 94th Place
Crown Point, IN. 46307-1902

EEOC Form 161 (11 16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To | John R. Juarez<br>1433 W. 94th Place<br>Crown Point, IN 46307 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2018-00147 | **Michelle D. Ware,**<br>**Enforcement Supervisor** | **(317) 226-5161** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Maria Johnson for,*
February 13, 2019

| Enclosures(s) | **Michelle Eisele,**<br>**District Director** | *(Date Mailed)* |
|---|---|---|

cc

Dan Fishman
Director of the State - SVT, LLC
STRACK & VAN TIL, LLC
2244 45th St
Highland, IN 46322

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- ➢ The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- ➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of **major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ➢ **Only one** major life activity need be substantially limited.
- ➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- ➢ An impairment **may be substantially limiting** even though it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
- ➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- ➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- ➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.   Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosure with EEOC
Form 161 (11 19

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should keep a **record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than** **2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
**before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request** **within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**INDIANAPOLIS DISTRICT OFFICE**
Equal Employment Opportunity Commission
101 West Ohio Street - Suite 1900
Indianapolis, Indiana 46204-4703

OFFICIAL BUSINESS

463037-1500233



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**

101 West Ohio Street, Suite 1900
Indianapolis, IN  46204-4203
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Indianapolis Status Line:  (866) 408-8075
Indianapolis Direct Dial:  (317) 226-7848
TTY (317) 226-5162
FAX (317) 226-7953 & 5571

November 3, 2017

**EEOC CHARGE NUMBER:**

**24F-2018-00032**

**FEPA CHARGE NUMBER:**

**EMha17111341**

JOHN JUAREZ
1433 W. 94TH PLACE
CROWN POINT, IN  46307-1902

**CHARGING PARTY:**
**JOHN JUAREZ,**

**RESPONDENT:**
**STRACK & VAN TILL,**

Your above referenced charge of employment discrimination has
been filed with the Indiana Civil Rights Commission. To preserve
your rights under federal statutes, your charge has also been
filed with the U. S. Equal Employment Opportunity Commission
(EEOC); however, the Indiana Civil Rights Commission will
investiqate your charge.

Thank you for your cooperation in this matter.

Sincerely,

Michelle Eisele
District Director



**COMPLAINT OF DISCRIMINATION**
State Form 42782 (R2 / 6-14)

**Date Received**

NOV 0 3 2017

diana Civil Rights Commission

**INDIANA CIVIL RIGHTS COMMISSION**
100 North Senate Avenue, Room N103
Indianapolis, IN 46204
Telephone: (317) 232-2600
Toll free: (800) 628-2909

**ICRC CHARGE NO: EMha17111341 BN/AR**
**EEOC NO: 24F-2018-00032**

Any person or representative aggrieved by a discriminatory practice or act contrary to the provisions of the Indiana civil rights laws may file a complaint with the Indiana Civil Rights Commission (ICRC). A complaint must be filed within one hundred eighty (180) days from the date of the last occurrence of the discriminatory act (except in housing cases). A complaint alleging a discriminatory housing practice must be filed within one (1) year from the date of the last occurrence.

| COMPLAINANT INFORMATION | | | |
|---|---|---|---|
| Name *(first, last)* <br> John Juarez | | | |
| Home telephone number <br> ( 219 ) 661-1675 | Work telephone number <br> ( ) | Mobile telephone number <br> ( 219) 712-6462 | E-mail address <br> juareztribe@yahoo.com |
| Address *(number and street, city, state, and ZIP code)* <br> 1433 W. 94th Place, Crown Point, IN, 46307 | | | |

| SECONDARY CONTACT INFORMATION | | |
|---|---|---|
| **(in the event that we cannot reach you at the above contact)** | | |
| Name *(first, last)* | | Relationship |
| Home telephone number <br> ( ) | Work telephone number <br> ( ) | Mobile telephone number <br> ( ) |

| RESPONDENT INFORMATION | |
|---|---|
| Name of respondent <br> Strack & Van Till | |
| Address *(number and street, city, state, and ZIP code)* <br> 2244 45th Street, Highland, IN, 46322 | Telephone number <br> ( 219 ) 924-7588 |
| Mailing address *(number and street, city, state, and ZIP code)* | |

Number of employees (please check one only)
☐ 1 - 5  ☐ 6 - 14  ☑ 15 or more  ☐ N/A

**AREA OF DISCRIMINATION**

I believe I have been discriminated against in the area of:
☐ Credit  ☐ Education  ☑ Employment  ☐ Public Accommodation  ☐ Housing

I believe I have been discriminated against on the basis of:
☐ Age  ☐ Ancestry  ☐ Color  ☑ Disability  ☐ Race  ☐ Religion
☐ Gender  ☐ Retaliation  ☐ Familial Status  ☐ National Origin  ☐ Veteran Status

What date did the alleged discriminatory act occur? *(month, day, year)*
10/01/2017

How were you referred to the ICRC?
☑ Attorney / Lawyer  ☐ Government Agency  ☐ Friend  ☐ Advertisement  ☐ Brochure/Poster  ☐ Internet  ☐ Other ____

| GRIEVANCE OR OTHER ACTION FILED REGARDING THIS MATTER | | |
|---|---|---|
| Name of procedure or agency | | Date filed *(month, day, year)* |
| Status / Disposition | Date of disposition *(month, day, year)* | Date of alleged discriminatory act *(month, day, year)* |

# INDIANA CIVIL RIGHTS COMMISSION
## AMENDMENT TO COMPLAINT OF DISCRIMINATION

**ICRC DOCKET NO.:**   **EMha17111341**                          **DATE: DECEMBER 20, 2017**

**CASE NAME:**   JOHN JUAREZ VS. STRACK & VAN TILL

**AMENDMENT NO.:**            1

**AMENDMENT PREPARED BY: BERNADETTE NICHOLS**

I, John Juarez, hereby amend my complaint as follows:

Item(s) is (are) hereby amended to:
(check one)

( )      delete the following:

(X)      add the following:  race (Hispanic).

With the exception of the above changes, the original Complaint is hereby incorporated by reference into this Amendment (as modified by any earlier amendments).

**I swear or affirm under penalties for perjury that I have read the above Amendment to the Complaint and that it is true to the best of my knowledge, information and belief.**

_____                    12-22-17
**(Complainant's signature)**                              **Date**

event the <u>parties settle the matter after the Administrative Law Judge has conducted a full evidentiary hearing and rendered a decision, the settlement shall go before the ICRC Commissioners who have ultimate authority over the contents of the agreement.</u> Ind. Code 22-9-1-6; 910 IAC 1-3-4. One of our mediators will contact you soon to discuss your interest in this option.

It is important to remember that retaliation against any person because he or she made a complaint, testified, or participated in an investigation, conciliation, or administrative proceeding before the Commission is prohibited by the Indiana Civil Rights Law, Ind. Code § 22-9-1-6(h).

You may contact the investigator, **Bernadette Nichols, at 800-628-2909** with any other questions or concerns.

Served by certified mail, return receipt requested, on the following:

**9214 8901 0661 5400 0116 4807 16**
John Juarez
1433 W. 94th Place
Crown Point, IN  46307-1902

## STATEMENT OF ALLEGATIONS

On October 1, 2017, I was terminated from my Driver position.

Supervisor Gary Standish informed me I was terminated but didn't provide a reason. I worked for Respondent for thirteen (13) years and received only one (1) disciplinary action. I had the fifth highest seniority of the Drivers. Respondent terminated my employment and allowed two (2) Drivers (Bob Winski and Louis Acasta) with less seniority and not disabled, to retain their employment. I took FMLA January 2016 - March 2016 due to my disability. I believe Respondent discriminated against me due to my disability.

I am seeking all available remedies for violations of Title I of the Americans with Disabilities Act, The Amendments Act, and The Indiana Civil Rights Law

## AFFIRMATION

I affirm, under the penalties for perjury that the foregoing representations are true.

| Signature of complainant | Date (month, day, year) |
|---|---|
| John R Query | 10 · 30 · 17 |

## FOR OFFICE USE ONLY (DO NOT WRITE BELOW THIS LINE.)

| How was intake inquiry received? | Intake taken by |
|---|---|
| ☑ Telephone   ☐ Walk-in   ☐ Web   ☐ Other: _____ | A. Brown |
| Assign to | Date (month, day, year) |
| | |